McGREGOR W. SCOTT
United States Attorney
ROBERT J. ARTUZ
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:19-CR-0064-MCE |
| Plaintiff, | STIPULATION REGARDING TRIAL SETTING AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| DAMIAN DELEAL, | DATE: June 11, 2020 TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |
| Defendant. | |

This case is set for a status conference on June 11, 2020, which the Court set after it vacated the July 13, 2020, jury trial.  ECF 56.  The parties now seek to set a new trial schedule and exclude time periods under the Speedy Trial Act.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. Mol-0lay 13, 2020).

1  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

2  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

3  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

4  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

5  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

6  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

7  findings on the record "either orally or in writing").

8        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

9  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

10  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

11  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

12  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

13  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

14  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

15  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

16        The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

17  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

18  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

19  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

20  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

21  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

22  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

23  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

24  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

25  by the statutory rules.

26        In light of the societal context created by the foregoing, this Court should consider the following

27  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

28

justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on June 11, 2020.  ECF 56.

2.      By this stipulation, the parties now move for the Court to vacate the June 11, 2020, status conference, set the following case schedule, and exclude time between June 11, 2020, and February 8, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4]:

| Case Event | Date(s) |
|---|---|
| Trial Confirmation Hearing | January 7, 2021 |
| Jury Trial | February 8-10 and 16-17, 2021 |

3.      The parties further agree and stipulate, and request that the Court find the following:

a)      The government represents that the discovery associated with this case includes well over 1,000 of pages of police reports, search warrant returns, subpoena returns, audio/video files, photographs, and bank/financial records.  The discovery also includes over 130 GB of data extractions for approximately 14 electronic devices including smartphones. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for Defendant Damian Deleal desires additional time to review the current charges, review discovery, conduct research and investigation into the charges and alleged acts, consult with an expert and his client, and otherwise prepare for trial, taking into account the exercise of due diligence.

c)      At this time, the defendant has no objection to the Court's continuance of the trial

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1   date and TCH, and agrees that such a continuance is necessary for effective preparation as

2   outlined below.

3           d)      The government does not object to the continuance.

4           e)      In addition to the public health concerns cited by the General Orders and

5   declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

6   ends-of-justice delay is particularly apt in this case because defendant's Counsel has relayed that

7   he has had difficulty consulting with the defendant regarding this case and trial preparation due

8   to logistical challenges that stem from the COVID-19 safety measures employed where the

9   defendant is incarcerated.

10          f)      Based on the above-stated findings, the ends of justice served by continuing the

11  case as requested outweigh the interest of the public and the defendant in a trial within the

12  original date prescribed by the Speedy Trial Act.

13          g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

14  et seq., within which trial must commence, the time period of June 11, 2020 to February 8, 2021,

15  inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

16  because it results from a continuance granted by the Court at defendant's request on the basis of

17  the Court's finding that the ends of justice served by taking such action outweigh the best interest

18  of the public and the defendant in a speedy trial.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  June 4, 2020
                                        McGREGOR W. SCOTT
                                        United States Attorney


                                        /s/ ROBERT J. ARTUZ
                                        ROBERT J. ARTUZ
                                        Special Assistant U.S. Attorney


Dated:  June 4, 2020                    /s/ MICHAEL E. HANSEN
                                        MICHAEL E. HANSEN
                                        Counsel for Defendant
                                        DAMIAN DELEAL


**ORDER**

IT IS SO ORDERED.

Dated:  June 9, 2020


                                        MORRISON C. ENGLAND, JR.
                                        UNITED STATES DISTRICT JUDGE

STIPULATION RE TRIAL SETTING AND EXCLUDABLE
TIME PERIODS UNDER SPEEDY TRIAL ACT

5